UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAY LAMAR ADDIS, FRED ANTOSH,
ANTHONY BALSER, FAITH
BLANKENSHIP, GLORIA BONARDELLI,
WILLIAM CARPENTER, JR., PAMELA
CHANCEY, CHRISTOPHER CLINE,
EDWARD COLLINS, DAVID DAY,
NATHANIEL DEJONGE, FREDERICK
EMERSON, GREGORY HAINEN,
RICK HAMPTON, CLINT HARRINGTON,
URSIN HEBERT, PAUL HOLECZ,
DOUGLAS JACKSON, DANNY JACOBS,
JOSEPH LACHNEY, ALISTER MOYER,
LOGAN MULINEX, BERNARD
NICHOLAS, ERIK NUGENT, JAMES
RICH, DANIEL ROBERTS, ROBERT
SILER, KAREN SMYTH, BRIAN
STEPHENS, DAVID STONE, TONY
STONE, BRIAN WALLACE, ASHLEY
WALTHER, VICTOR WEBSTER,
DOUGLAS WESTRICK, and JAMES
WILSON,

    Plaintiffs,

v.                                                                                       CASE NO: 8:16-cv-1424-T-30TBM

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

# **ORDER**

    THIS CAUSE comes before the Court upon Defendants' Motion to Sever and/or Dismiss All Claims (Dkt. 17), Plaintiffs' Response (Dkt. 20), and Defendants' Reply (Dkt. 23). The Court, having considered the motion, response, reply, and being otherwise advised

in the premises, concludes that the motion should be granted to the extent that only the first-named Plaintiff may proceed in this case. The remaining Plaintiffs and their claims are dismissed without prejudice.

## BACKGROUND

This case involves thirty-six Plaintiffs asserting claims for strict products liability, breach of warranty, and negligence. Plaintiffs also seek punitive damages. Plaintiffs allege that they were injured while using a crossbow manufactured by Defendant Barnett Outdoors, LLC. The allegations reveal that the accidents occurred on thirty-six different dates, spanning over four years, and while using eight different model crossbows, which were purchased on various dates over a span of at least five years from different retailers, and which contain different warnings and designs. Plaintiffs reside in nineteen different states. Defendants now move to sever and/or dismiss the claims for improper joinder under Federal Rule of Civil Procedure 20(a)(1).

## DISCUSSION

As this Court has previously noted: "The law is clear that large multi-plaintiff complaints are improper under Fed. R. Civ. P. 20(a)." *In re Accutane Products Liab. Litig. MDL No. 1626*, No. 8:04-MD-2523-T-30TBM, 2012 WL 4513339, at *1 (M.D. Fla. Sept. 20, 2012). "Many federal courts hold that product liability cases are generally inappropriate for multi-plaintiff joinder because such cases involve highly individualized facts and '[l]iability, causation, and damages will . . . be different with each individual plaintiff.'" *Id.* (citing *In re Prempro Prods. Liab. Litig.*, 417 F. Supp. 2d 1058, 1059-60 (E.D. Ark. 2006); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 651-54 (S.D. Tex. 2005); *Jones v.*

*Nastech Pharm.*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003); *In re Baycol Prods. Litig.*, 2003 WL 22341303, at *3 (D. Minn. 2003); *In re Baycol Prods. Litig.*, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-47 (S.D.N.Y. 2001)); *see also In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2006 WL 3929707 (M.D. Fla. Dec. 22, 2006), report and recommendation adopted at *In re Seroquel Prods. Liab. Litig.*, MDL No. 1769, 2007 WL 219989 (M.D. Fla. Jan. 26, 2007).

A review of the complaint makes clear that Plaintiffs' claims are misjoined under Rule 20 because they are not transactionally related. Moreover, the Court has inherent authority to control its own docket and finds dismissal of these cases (with the exception of the first-named Plaintiff) is in the best interests of the litigants and the administration of justice. *See U.S. v. Timmons,* 672 F.2d 1373, 1380 (11th Cir. 1982) ("[T]he district court acted well within its discretion in denying joinder ... pursuant to Fed.R.Civ.P. 20(a). The district judge appropriately considered that joinder would not serve the interests of judicial economy....").

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Sever and/or Dismiss All Claims (Dkt. 17) is GRANTED.

2. This case will proceed with respect to only first-named Plaintiff Ray Lamar Addis.

3. The remaining Plaintiffs and their claims are dismissed without prejudice.

4. The Clerk of Court is directed to terminate every Plaintiff *except* Plaintiff Ray Lamar Addis.

5. Defendants shall file their answers to Plaintiff Ray Lamar Addis' claims within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 8, 2016.

                                                JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

*S:\Even\2016\16-cv-1424 sever 17.wpd*